# Transfers of Forfeited Property to State and Local Law Enforcement Agencies

Section 981(e)(2) of title 18 does not prevent a state or local law enforcement agency from retransferring to other state or local government agencies property that has been transferred from the federal government pursuant to that section. However, the Attorney General has authority under section 981(e) to prevent such a further transfer by imposing a contrary term of condition on the initial transfer from the federal government.

Section 881(e) of title 21 does not prevent a state or local law enforcement agency from retransferring to other state or local government agencies property that has been transferred from the federal government pursuant to that section. However, the Attorney General has authority under section 881(e) to forbid a further transfer if he determines that to do so would "serve to encourage further cooperation between the recipient State or local agency and Federal law enforcement agencies."

January 23, 1992

MEMORANDUM OPINION FOR THE ACTING DEPUTY ATTORNEY GENERAL

This is in response to the request from your office for our advice whether federal law prevents a state or local law enforcement agency from transferring to other state or local agencies property that has been transferred from the federal government pursuant to 18 U.S.C. § 981(e)(2), where the other agency intends to use the property for purposes not directly related to law enforcement, and to the subsequent request for our advice whether such transfers are prohibited with respect to property that has been transferred pursuant to 21 U.S.C. § 881(e)(1)(A).[1] We conclude that section 981(e)(2) of title 18 does not prevent a state or local law enforcement agency from making such a further transfer, but that the Attorney General, pursuant to his authority under 18 U.S.C. § 981(e), is authorized to prevent such a further transfer by imposing a contrary term of condition on the initial transfer from the federal government. We also conclude that section 881(e) of title 21 does not prevent a state or local law enforcement agency from making such a further transfer, but that the Attorney General is authorized to forbid a further transfer if he determines that to do so would "serve to encourage further cooperation between the recipient State or local agency and Federal law enforcement agencies." 21 U.S.C. § 881(e)(3)(B).

Section 981 was enacted as part of the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, § 1366, 100 Stat. 3207, 3207-35. Though the statute has been amended several times since enactment, the relevant features governing the transfer of forfeited property to state and local law enforcement

---

[1] We do not address whether any particular state or local agency would have the authority, under local law, to transfer property to other state agencies. That would not, of course, be an issue of federal law and would likely vary from jurisdiction to jurisdiction.

agencies have remained unchanged. Section 981(e) authorizes the Attorney General "to transfer [property forfeited pursuant to this section] on such terms and conditions as he may determine . . . to any State or local law enforcement agency which participated directly in any of the acts which led to the seizure or forfeiture of the property." That section further requires the Attorney General to ensure that the amount transferred to the state or local law enforcement agency "reflect generally the contribution of any such agency participating directly in any of the acts which led to the seizure or forfeiture of such property." Finally, the section provides that a decision of the Attorney General to transfer forfeited property to a state or local law enforcement agency "shall not be subject to review."

Nothing in the text of section 981 requires that a state or local agency use transferred property for law enforcement purposes or even that the agency retain the property rather than transferring it to another agency.[2] Section 981 does provide the Attorney General with the discretionary authority to impose terms and conditions on the transfer of forfeited property and, pursuant to this power, the Attorney General may impose either or both of the conditions that the state or local agency use the property for law enforcement purposes and that it not transfer the property. The Attorney General also may transfer the property with no conditions on its use, thereby allowing the state or local agency to retransfer the property or to make any other use of the property.

With respect to property forfeited under the control and enforcement provisions of the drug laws (21 U.S.C. §§ 801-904), 21 U.S.C. § 881(e)(1)(A) provides that the Attorney General may:

> retain the property for official use or, in the manner provided with respect to transfers under section 1616a of title 19, transfer the property to any Federal agency or to any State or local law enforcement agency which participated directly in the seizure or forfeiture of the property.

In exercising his transfer authority under section 881(e)(1), the Attorney General is required, pursuant to section 881(e)(3), to assure that the property transferred to the state or local agency:

> (A) has a value that bears a reasonable relationship to the degree of direct participation of the State or local agency in the law enforcement effort resulting in the forfeiture, . . . ; and

---

[2] There is little legislative history concerning the Attorney General's power to transfer forfeited property to state or local law enforcement agencies. The relevant Senate and House reports mention the power but offer no explanation or elaboration. *See* S. Rep. No. 433, 99th Cong., 2d Sess. 23, 24, 29-31 (1986); H.R. Rep. No. 855, 99th Cong., 2d Sess., pt. 1, at 4, 18, 31-32 (1986). No conference report was prepared for the final legislation. Nothing in this brief legislative history contradicts our conclusions.

> (B) will serve to encourage further cooperation between the recipient state or local agency and Federal law enforcement agencies.

21 U.S.C. § 881(e)(3).

As with section 981, nothing in the text of section 881(e)(1)(A) requires that the state or local agency use transferred property for law enforcement purposes or that the agency retain the property rather than transfer it to another agency. In fact, while section 881(e)(1)(E) requires that property retained by the Attorney General must be retained "for official use," no similar restriction appears with respect to the property transferred to state or local agencies.[3]

The text of section 881(e)(1)(A) does not expressly contain discretionary authority for the Attorney General to impose terms and conditions on the transferred property. Section 881(e)(3)(B) does, however, require the Attorney General to assure that the transferred property serve to encourage further state-federal cooperation. That requirement provides a basis for imposing conditions restricting the use of the forfeited property if the Attorney General determines that such conditions would be appropriate to further cooperation. For example, the Attorney General might determine that requiring the state or local agency to retain the property and to use it in future law enforcement activities is an appropriate means of furthering state-federal cooperation. Alternatively, the Attorney General might determine that transferring forfeited property with no restrictions or conditions simply as a reward for the state or local agency's efforts would be an appropriate means of assuring further cooperation. We emphasize that, while requiring the Attorney General to assure further cooperation, section 881(e)(3) does not require any particular means for doing so. The Attorney General may, therefore, choose any appropriate means to accomplish the statutory objective.

JOHN C. HARRISON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] The Attorney General's authority to transfer forfeited property to state and local law enforcement agencies was added to section 881 by the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-743, tit. II, § 309, 98 Stat. 1837, 2051-52. The Senate report on that legislation explained the purpose behind the amendment as follows:

> [The amendment] provides that the Attorney General may transfer drug-related property forfeited under title 21, United States Code, to another Federal agency, or to an assisting State or local agency. ... Often State and local law enforcement agencies give significant assistance in drug investigations that result in forfeitures to the United States. However, there is presently no mechanism whereby the forfeited property may be directly transferred to these agencies *for their official use.* This amendment ... will permit such transfers and thereby should enhance important cooperation between Federal, State, and local law enforcement agencies in drug investigations.

S. Rep. No. 225, 98th Cong., 2d Sess. 216 (1983) (emphasis added). Our interpretation of section 881(e)(1)(A) is consistent with this passage from the legislative history. Section 881(e)(1)(A) does allow forfeited property to be transferred to state and local law enforcement agencies for their official use, but it does not prohibit those agencies from retransferring the property.